**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **§** | |
| | **§** | |
| **V.** | **§** | **CR07-002ML** |
| | **§** | |
| **ZELPHA CONYERS** | **§** | |

**MOTION FOR A DOWNWARD DEPARTURE AND**
**A SENTENCE OUTSIDE OF THE GUIDELINE RANGE**

Now comes defendant and, through undersigned counsel, moves for a downward departure and a sentence outside of the applicable guideline range. In support of said motion, defendant submits the attached memorandum of law.

Respectfully Submitted,
Zelpha Conyers
By her Attorney

/S/ Michael Fontaine

Michael Fontaine (6558)
FONTAINE LAW OFFICES
194 Waterman Street
Providence, RI 02906
mikefontaine@fontainelawoffices.com

**CERTIFICATION**

I hereby certify that a true copy of the forgoing motion was served upon AUSA Lee Vilker, United States Attorney's Office, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 through this Court's ECF system on the 26th day of June 2007.

/S/ Michael Fontaine

______________________________

Michael Fontaine (6558)
FONTAINE LAW OFFICES
194 Waterman Street
Providence, RI 02906
mikefontaine@fontainelawoffices.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CR07-002ML** |
| | § | |
| **ZELPHA CONYERS** | § | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel, hereby files this memorandum in anticipation of her sentencing on June 29, 2007. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B), defendant pleaded guilty on February 7, 2007, to one count of Conspiracy to Committed Bank Fraud, 18 U.S.C. §1349, one count of Fraud with Identification Documents, 18 U.S.C. 1028A(a)(1) and (c)(5), and seven counts of Bank Fraud, 18 U.S.C. §1344. The advisory sentencing guideline calculation is undisputed, and places defendant and an offense level of 16, criminal history III (27 to 33 months imprisonment, Zone C). Pursuant to 18 U.S.C. §3553(a), Ms. Zelpha Conyers respectfully requests that this Court sentence her below the applicable guideline range to a term of 18 months.[1]

## A SENTENCE BELOW THE GUIDELINES IS APPROPRIATE

Under the factors set forth in 18 U.S.C. §3553(a), we respectfully submit that a sentence below the guideline range is appropriate for this defendant. Section 3553(a) directs that the court "impose a sentence <u>sufficient, but not greater than necessary</u>" based on the statutory objectives and relevant factors. (Emphasis added). In this case, the analysis strongly supports imposing a sentence below the applicable guidelines.

1. The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1).

As set forth in the pre-sentence report, defendant presents extraordinary mitigating circumstances. Ms. Conyers was born on November 10, 1953 in Sacramento, California. She did not know her biological father, and lived with her mother Ruby Conyers, and her two half-sisters Paula and Gail Conyers. When Ms. Conyers was still very young, her stepfather divorced her mother and her two half-siblings went to live with their father for a short period of time. As her mother showed no interest in raising her children, Ms. Conyers took the role as mother to Paula and Gail. At the age of 11, her mother was jailed for neglect and for the next

[1] This request does not encompass the mandatory 24 months consecutive as prescribed by 18 U.S.C. §1028A(a)(1) and (c)(5).

three years she resided in foster care and juvenile homes. Subsequently, Ms. Conyers was placed with her maternal aunt with whom she lived sporadically as a teenager. Despite this adversity, Ms. Conyers still managed to graduate from high school and attend some college.

From 1986 to 1989 defendant was an employee of John Brown, currently of The Bedford Group in Los Angeles, California. As Mr. Brown stated in his letter submitted to the court, "During her employment with us, she was honest, dependable, hard working and creative. Her job often required long hours and she never failed to be there to complete the tasks at hand. While in our environment she was an exemplary employee". Mr. Brown explained that the defendant was terminated because he closed his business for a better opportunity and could not take her with him. He further stated, "In fact, if she were still with us she would probably not be in her current situation". "If probation a work lease is an option, I will gladly find a position for her at my current organization".

On April 7, 1993, defendant gave birth to her only son Zachariah Washington. Due to his mother's incarceration, Zach currently resides with Diana Adams. Diana Adams is the mother of a college roommate of Ms. Conyers and is someone whom she has kept in touch with over the years and calls "mom". Ms. Adams is currently 69 years of age and is living on a fixed income. Ms. Adams has informed probation that Zach is doing well and earning good grades in school, but he does not discuss his mother's absence.

Defendant references these facts not to elicit sympathy but to provide the court with information which demonstrates that she has the character and the ability to be a productive, caring, guiding and successful member of society.

Additionally, her role in this conspiracy was quite minor. Clearly, other persons working within Bank of America had to have access to account and other confidential information in order to provide the defendants with same. Ms. Conyers role consisted of simply walking into the bank with the false identifications provided and obtain certain monies as instructed. She would then turn these monies over to a co-defendant or other party. Although she pled guilty to obtaining several hundred thousand dollars from these activities it should be noted that this defendant did not obtain anywhere near that amount of money from her participation. The defendant's role here is analogous to that of a street-level drug dealer working for a much larger cartel.

While still recognizing the seriousness of the crimes to which she has pled, the defendant would further emphasize that a lengthy incarceration would have an adverse affect on her son Zach. As also set forth in the pre-sentence report, Ms. Conyers has not maintained any familial relationship with her siblings since the death of her mother in 1995. The removal of the sole custodial parent would have a detrimental effect on a 14 year old boy soon to enter high school. Further, this would also create a hardship for Ms. Adams as she would be approximately 75 years of age when Ms. Conyers would be able to regain custody of her son.

A shorter sentence of incarceration would afford Ms. Conyers the opportunity to obtain employment with John Brown sooner and therefore more quickly begin to

make restitution payment to the victims in this matter. It would also serve to relieve Ms. Adams of the responsibility of rearing her child at her age on a fixed income and would provide her son Zach the loving guidance of his mother.

2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training or services. 18 U.S.C. §3553(a)(2)(A-D).

Prior to her arrest on July 11, 2006, defendant has not served a sentence of incarceration beyond 90 days. As of the date of sentencing, defendant will have spent almost one full year in a correctional facility. This length time away from her son, having her freedoms restricted, and loosing her residence has already forced Ms. Conyers to confront the reality of what effect her criminal conduct can have on her and her son's lives.

3. The kinds of sentences available. 18 U.S.C. §3553(a).

There is no question that due to the advisory nature of the sentencing guidelines, this Court has the discretion to sentence the defendant to term below the guideline range.

4. The need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7).

As set forth above, John Brown of The Bedford Group is willing to provide Ms. Conyers with a job upon her release from custody. The Bedford group is a leading real estate development firm for urban communities in the greater Los Angeles area. The group has new communities under construction totaling more than $140 million and additional projects in development totaling in excess of what $100 million. This offer of assistance from Mr. Brown provides a defendant with a unique opportunity to gain employment with the successful firm and with an individual for whom she has excelled for and with in the past. More importantly, she can begin to repay any and all restitution amounts which maybe determined.

Therefore, a sentence below the guidelines of 18 months would not only aid Ms. Conyers in her domestic situation but it would also, aid the victims by allowing more employment time and thus more earning capacity to make them whole.

**CONCLUSION**

Defendant seeks this variance from the advisory sentencing guideline range because a sentence below the guidelines would serve the underlying statutory purposes of 18 U.S.C. §3553(a) and would serve the interests of justice.

Respectfully Submitted,
Zelpha Conyers
By her Attorney

/S/ Michael Fontaine

______________________________

Michael Fontaine (6558)
FONTAINE LAW OFFICES
194 Waterman Street
Providence, RI 02906
mikefontaine@fontainelawoffices.com

**CERTIFICATION**

I hereby certify that a true copy of the forgoing motion was served upon AUSA Lee Vilker, United States Attorney's Office, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 through this Court's ECF system on the 26th day of June 2007.

/S/ Michael Fontaine

______________________________

Michael Fontaine (6558)
FONTAINE LAW OFFICES
194 Waterman Street
Providence, RI 02906
mikefontaine@fontainelawoffices.com