IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-02ML |
| | : | |
| ZELPHA CONYERS | : | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A SENTENCE BELOW THE GUIDELINE RANGE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Lee H. Vilker, Assistant United States Attorney, and hereby objects to Defendant's Motion for a Sentence Below the Guideline Range for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/LEE H. VILKER
LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:lee.vilker@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 27th day of June, 2007, I caused the within Government's Objection to Defendant's Motion for a Sentence Below the Guideline Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Michael Fontaine, Esquire
194 Waterman Street
Providence, RI 02906

I further certify that a copy was mailed via regular mail to:

Heather McLoughlin
United States Probation Officer
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

/s/Lee H. Vilker
Lee H. Vilker
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Lee.vilker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-02ML |
| | : | |
| ZELPHA CONYERS | : | |

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR A SENTENCE BELOW THE GUIDELINE RANGE

Defendant Zelpha Conyers ("Conyers") has moved this Court for a sentence below the range of sentences as determined under the United States Sentencing Guidelines. As set forth below, the United States opposes this request as it believes that a sentence at the low end of the applicable guideline range is necessary to punish the defendant, to promote respect for the law and to deter others from engaging in similar conduct.

*Argument*

As the Court is aware, defendant Conyers is before the Court because she engaged in a year-and-one-half cross-country trip aimed at defrauding a financial institution and stealing identities. During her nationwide tour, Conyers stole the identities of dozens of Bank of America customers and pilfered their bank accounts. Beginning in December 2004, defendant began her most recent string of bank fraud by assuming the identity of Bank of America customers in the Middle District of Florida. Throughout the next 20 months, Conyers posed as actual Bank of America customers in South Carolina, the Northern District of Florida, Massachusetts, Missouri, Kansas, Connecticut, and Rhode Island, and, in the process, withdrew more than $325,000 from their bank accounts. By her conduct, Conyers not only harmed the financial institution (which

bore the financial loss), she caused significant disruption to the dozens of individuals whose identities she stole. Despite this behavior, defendant argues for a sentence below the applicable guideline range for Count One, which the Probation Department correctly calculated to be 27-33 months. The United States disagrees.

In determining a particular sentence to impose, a sentencing court "shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> © to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner."

18 U.S.C. § 3553(a).

A review of these factors supports a sentence for Conyers within the guideline range. As noted above, the crimes defendant committed were of long duration and careful preparation. During a 20 month period, she engaged an incessant pattern of bank fraud and identity theft, causing injury both to the Bank of America and to the customers' whose identities she stole. The government strongly objects to defendant's characterization of her role in the offense as "quite minor." (Def. Mem. at 4) Far from being minor, defendant's role was absolutely critical

to the success of the conspiracy. In posing as actual Bank of America customers, defendant had to convince each and every teller she approached that she was the actual account-holder, that she was visiting from California and that she wished to make a withdrawal. The difficultly of this task is evidenced by the fact that the defendants were caught in Rhode Island only when co-conspirator Tucker panicked and fled the bank when a teller informed her that she needed to obtain approval from a manager. (PSR ¶ 12.) Clearly, defendant Conyers possessed a unique skill that was essential to the conspiracy - the ability to assume the role of the account-holder and to convince bank personnel of the authenticity of the transaction. The seriousness of the offense, the need to promote respect for the law and the need to deter others all weigh in favor of a significant term or incarceration.

Section 3553(a) also directs the Court to examine the characteristics of the defendant when fashioning an appropriate sentence. While letters submitted on defendant's behalf point to some praiseworthy attributes the defendant possesses, the sad and undeniable truth is that defendant repeatedly has chosen to engage in this type of criminal activity - with relatively little consequence - for the past 24 years. In 1983, at age 29, defendant was convicted of receiving stolen property and received 36 months probation and 90 days imprisonment. (PSR ¶ 31.) Later in 1983, defendant was convicted of misdemeanor forgery and received a sentence of 24 months probation. (PSR ¶ 32.) In 1991, at age 37, defendant was convicted of credit card fraud and was sentenced to 36 months probation with 90 days in jail. (PSR ¶ 33.) The following year, at age 38, defendant was convicted of grand theft and was sentenced to 4 years probation, with 1 year of imprisonment. (PSR ¶ 34.) Finally, in 2005, at age 51, defendant was convicted of forgery and was sentenced to 180 days of jail, with 3 years of probation. (PSR ¶ 36.) For each of these

offenses, defendant received a relatively light sentence and was given chance after chance to live a law-abiding life. Clearly, judicial leniency failed to impress upon defendant the need to discontinue her fraudulent behavior.

The above offenses reflect an individual who has dedicated her adult life to the commission of bank fraud, credit card fraud and identity theft. As demonstrated by the offense facts herein, that propensity graduated to another level in this case, as Conyers participated in a sophisticated bank fraud and identity theft scheme. Conyers flew to Rhode Island using a fake identity, and, with her co-defendants, utilized fictitious drivers licenses and social security cards to purge the accounts of innocent Bank of America customers. (PSR ¶ 12). The blatant manner in which Conyers has continued to commit fraud should leave the Court with no comfort that she will somehow amend her behavior after she has finished serving her sentence in this case.

*Conclusion*

Defendant Conyers has devoted her adult life to the commission of one serious financial crime after the next. A sentence at the low end of the guideline range is necessary to promote

respect for the law, to punish defendant for her crimes and to deter the defendant and others from engaging in similar conduct in the future. Accordingly, defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
lee.vilker@usdoj.gov

Dated: June 27, 2007

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 27th day of June, 2007, I caused the within Government's Memorandum of Law to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Michael Fontaine, Esquire
194 Waterman Street
Providence, RI 02906

I further certify that a copy was mailed via regular mail to:

Heather McLoughlin
United States Probation Officer
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

/s/Lee H. Vilker
Lee H. Vilker
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Lee.vilker@usdoj.gov